JOHNSON v. MARTINEZ.   (No. 9859.)

(Court of Civil Appeals of Texas.   Dallas. Dec. 4, 1926.)

1. Appeal and error ⬤⟿920(3)—Restraining order terminated by own terms would be presumed effective later, where parties so treated it.

Though restraining order terminated on certain date by its own terms, court would presume that order was still in force at later date; parties to suit to try title treating order as being in force, and record not affirmatively showing that continuing order was not entered.

2. Injunction ⬤⟿161—Dissolution of order restraining defendant from trespassing during pendency of suit to try title held not abuse of discretion.

Dissolution of temporary order, restraining defendant to suit of trespass to try title from committing acts of trespass pending final disposition of such suit, *held* not abuse of discretion; there being no evidence showing that defendant was about to commit, and would commit, acts of trespass alleged.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Action of trespass to try title by Emily L. Johnson against P. P. Martinez. Temporary restraining order was granted as prayed for. Upon motion, restraining order was dissolved, and complainant appeals.   Order affirmed.

Clark & Clark, of Dallas, for appellant.

Spence, Smithdeal, Shook & Spence, of Dallas, for appellee.

VAUGHAN, J.   Appellant, on the 15th day of April, 1926, instituted her suit against appellee in the nature of an action of trespass to try title to a strip of land located in the city of Dallas, Dallas county, Tex., fronting 20 feet on Burk street, and extending back 30 feet, and sought to enjoin appellee from interfering with her possession pending the final disposition of said cause in the trial court.

Appellant, in substance, alleged that she had acquired title to said tract of land by the 10-year statute of limitation; that said tract adjoined other premises owned by appellant, on which was located a large warehouse, and was necessary for the operation of said warehouse and the business conducted therein; that appellee, on or about the 12th day of April, 1926, threatened to and was about to fence said tract of land, and would do so unless restrained by writ of injunction; that on said date the appellee wrongfully and unlawfully trespassed upon said tract of land and attempted to fence in same, and would do so unless enjoined.

Appellant prayed for temporary writ of injunction, that on final hearing same be made perpetual, and for the title to, and possession of, said tract of land.

Said petition was presented April 14, 1926, to the judge of the trial court, and the temporary restraining order as prayed for was granted, with the additional order that the clerk should issue notice to appellee to appear at 9 o'clock a. m. on the 24th day of April, 1926, to show cause why said restraining order should not be continued in force. Bond was duly filed, and restraining order issued as directed.

Appellee answered by way of plea of not guilty, special plea alleging that he was the owner of the land sued for, both by record title and statute of 5 and 10 years' limitation, and filed motion to dissolve, which was heard and granted on the 15th day of May, 1926.

[1] Although by its own terms the restraining order terminated on the 24th day of April, 1926, the record shows that the court and parties treated the order as being in force. Therefore we will assume that the order granted on the 14th day of April, 1926, was, on the 24th day of April, 1926, duly continued in force until the 15th day of May, 1926. This presumption is indulged in because it does not appear affirmatively from the record that such continuing order was not entered.

Did the trial court abuse its discretion in dissolving or refusing to continue in force the restraining order of April 14, 1926?

[2] We have carefully searched the record for evidence establishing the acts of trespass alleged by appellant that appellee was about to commit, or would commit if not enjoined, and find the entire record barren of any statement from any one of the witnesses who testified on the hearing that would have a tendency to show that appellee was about to commit and would commit the acts of trespass, to enjoin which the injunction was sought; the nearest approach thereto being the statement by D. W. Tackett, one of appellant's tenants, "as to whether or not there was a bad odor out there in the vicinity of the property about the time the suit was brought, about this trouble came up out there, they wanted me off the lot."

As to the claim of title established by the respective parties, no observation will be made, as that represents the real contest between the parties remaining yet to be determined by the court below.

No abuse of discretion having been shown in entering the order appealed from dissolving the temporary writ of injunction, the judgment of the court should be affirmed, and it is so ordered.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes